UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY WASHINGTON § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:17-cv-08825- |
| § | JTM-MBN |
| SHELL OIL COMPANY and § | |
| METROPOLITAN LIFE INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendants. § | |

### DEFENDANT SHELL OIL COMPANY'S
### REPLY BRIEF IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS

Upon leave granted by this Court, Defendant Shell Oil Company ("Shell") submits this Reply in Support of Its 12(b)(6) Motion to Dismiss Plaintiff's Civil Complaint (Doc. No. 1) for failure to state a claim and respectfully shows the Court as follows.

### ARGUMENT & AUTHORITIES

As Shell noted in its Motion, Washington's Complaint is not a model of clarity. Shell Br. at 1 n.1 (Doc. No. 15-2). However, to the extent Washington's Response to Shell's 12(b)(6) Motion sheds light on the precise nature of his claim, it only serves to clarify that he has indeed failed to state one. Washington asserts in his Response that his Complaint "states a cause of action for liquated damages pursuant to 38 U.S.C. § 4323." *See* Pl.'s Resp. at 17 (Doc. No. 33); *see also id.* at 1. However, USERRA does not provide an *independent* cause of action for liquidated damages—it is only a remedy. *See* 38 U.S.C. § 4323(d)(1).

The only other cause of action Washington purports to assert is a claim for rescission of the Release pursuant to USERRA's provision describing the law's relation to "other laws and plans or agreements." *See* Pl.'s Civil Compl., ¶ 138, at 36 (Doc. No. 1); *see also* 38 U.S.C. § 4302. However, this claim fails for two reasons. First, Washington cites no authority—and

Shell is unaware of any—supporting the notion that USERRA provides an independent cause of action under Section 4302(b). Second, even if such a cause of action exists, *Washington* would have the burden to establish a basis for rescission and he has failed to allege any facts that establish a basis for rescission or a proper cause of action under USERRA. *See Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391–92 (5th Cir. 1984) (noting that the party *attacking* a release bears the burden of showing its invalidity); *Hancock Bank v. Holmes*, 40 So. 3d 1131, 1135 (La. Ct. App. 2010) ("The party seeking rescission of a settlement agreement bears the burden of proving its invalidity.").[1] Thus, Washington's assertions that the Release itself—the agreement he seeks to rescind—is not central to his claim and that *Shell* bears the burden to "establish the Release" turn the framework of this case upside down.

Washington makes two other arguments in his Response that are equally unavailing. First, Washington devotes eight pages of this Response to an argument that he could not have knowingly waived an existing USERRA claim when he signed the Release on December 1, 2016, because his USERRA claim did not "come into existence" until May 1, 2017. *See* Pl.'s Resp. at 17–25 (Doc. No. 33). However, the lengthy letters Washington sent to Shell and MetLife—letters Washington attached to his Complaint[2]--demonstrate otherwise. In these letters, Washington specifically alleges that MetLife's reliance on and application of the Armed Services Exclusion in the long-term disability plan "is legally unsound" and "represents a clear and direct violation of [USERRA]." *See* Doc. No. 1-1 at 5–7 (Washington's August 1, 2016 letter to MetLife), 14–16 (Washington's August 1, 2016 letter to Shell), 23–25 (Washington's August 15, 2016 letter to MetLife), 27–30 (Washington's August 24, 2016 letter to MetLife), 36–37

---

[1] Irrespective of whether federal or state law controls this analysis, both place the burden on Washington to establish that the Release is invalid.

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

---

**DEFENDANT SHELL'S REPLY BRIEF IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS     Page 2**

(Washington's August 29, 2016 letter to MetLife). Thus, Washington's Complaint affirmatively alleges that MetLife sought to apply the Plan exclusion at issue in mid-2016 and that Washington knew, *prior* to his execution of the Release, that such application (purportedly) violated USERRA.

Second, apparently abandoning his argument that federal law governs the validity of the Release, Washington merely regurgitates his conclusory allegations that error (whether unilateral or mutual) invalidates the Release under Louisiana law. *See* Pl.'s Resp. at 29–35 (Doc. No. 33). As explained in Shell's Brief, to the extent Washington relies on a unilateral error, such an error "must be reasonable or excusable in order for the error to vitiate consent." *See New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 202 (5th Cir. 2016) (analyzing effect of Louisiana Civil Code article 1949). However, Washington makes no allegations supporting a plausible inference that his claimed ignorance of the effect of the Release is "reasonable or excusable." In addition, Washington makes nothing more than conclusory allegations that "Shell knew or should have known" that he would not have signed the Release if he understood it to encompass USERRA claims. In ruling on a 12(b)(6) motion, a court is not to "accept conclusory allegations, unwarranted deductions, or legal conclusions." *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotation marks and citations omitted). In other words, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## CONCLUSION

For all the reasons discussed above and those stated in Shell's Motion and Brief in Support, Washington's Complaint fails to state any claims upon which relief can be granted. Accordingly, Shell asks this Court to dismiss Washington's claims against it for failure to state a claim. Shell further requests all other relief at law and in equity to which it is entitled.

Respectfully submitted,

Respectfully submitted,

**KUCHLER POLK WEINER, LLC**

*/s/Darleene D. Peters*
MONIQUE M. WEINER (#23233)
DARLEENE D. PETERS (#25638)
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Telephone: (504) 592-0691
Facsimile: (504) 592-0696

and

Lori M. Carr (Texas Bar No. 13815690)
*Pro Hac Vice*
Terah Moxley (Texas Bar No. 24074768)
*Pro Hac Vice*
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile: (214) 599-4099
lcarr@estesthornecarr.com
tmoxley@estesthornecarr.com
*Attorneys for Shell Oil Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been served upon all counsel for all parties to this proceeding via e-file. If counsel is not a user of the e-file system, then this document will be served via Certified Mail, return receipt requested on the 31st day of January, 2018.

*/s/Darleene D. Peters*
DARLEENE D. PETERS